## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN L. B.,[1]                          )
                                         )
                    Plaintiff,           )
                                         )          CIVIL ACTION
v.                                       )
                                         )          No. 20-2658-JWL
KILOLO KIJAKAZI,[2]                      )
Acting Commissioner of Social Security,  )
                                         )
                    Defendant.           )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security

denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the

Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding no error

in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment

shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the

Commissioner's final decision.

## I.      Background

_____

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the
interest of protecting the privacy interests of Social Security disability claimants, it has
determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social
Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms.
Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.  In
accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff protectively filed an application for DIB on December 6, 2018.  (R. 23, 240-41).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erred in failing to develop the case record adequately, in failing to consider the limitations assessed in the partially favorable decision regarding Plaintiff issued on February 16, 2018, and in failing to assess mental limitations in Plaintiff's residual functional capacity (RFC).

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Here, the ALJ made a finding at step four that Plaintiff "is capable of performing her past relevant work as a charge nurse."  (R. 32) (finding no. 6, bold omitted).  He then made an "alternative finding for step five," id. at 33, that Plaintiff can make "a successful adjustment to other work that exists in significant numbers in the national economy," id. at 34, represented by jobs as a dessert cup machine feeder, a small parts assembler, and an inserting machine operator.  Id. at 34-35.  The court addresses the errors alleged in a somewhat more logical order than presented in Plaintiff's Social Security Brief.

**II.     Whether the ALJ Erred in Failing to Consider Limitations Found in the Prior Partially Favorable Decision Issued on February 16, 2018**

4

In her earlier case in 2015, Plaintiff applied for DIB and on February 16, 2018, ALJ Laura S. Twilley issued a partially favorable decision on that application. (R. 64-89). In that decision, ALJ Twilley found Plaintiff disabled within the meaning of the Act for the closed period from April 2, 2015, through September 16, 2016. Id. at 79. In her February 16, 2018 decision, she found Plaintiff's disability ended September 17, 2016, id., and Plaintiff "has not become disabled again since that date." Id. at 84.

Plaintiff points out that an ALJ must consider prior administrative medical findings and she notes the ALJ recognized ALJ Twilley's decision but did not evaluate the medical findings from that decision. (Pl. Br. 10). She argues ALJ Timothy Stueve used Dr. Klyop's RFC assessment from the initial determination in this case as a proxy for ALJ Twilley's findings and he found ALJ Twilley's and Dr. Klyop's RFC for sedentary work was not consistent with the record. Id. She points out the ALJ made no findings regarding ALJ Twilley's mental RFC assessment. Id. She argues this was an inadequate consideration and implies the ALJ thereby failed to consider prior administrative medical findings. Id. (citing Hamlin v. Barnhart, 365 F.3d 1208, 1223 n.15 (10th Cir. 2004) ("While these medical reports date from an earlier adjudicated period, they are nonetheless part of Mr. Hamlin's case record, and should have been considered by the ALJ."); Frost v. Saul, No. CIV-19-444-J, 2020 WL 68586, at *3 (W.D. Okla. Jan. 7, 2020) ("Medical records that predate or postdate the insured period, however, may constitute indirect evidence of a claimant's condition during the insured period and, therefore, should also be considered.")). Plaintiff argues, "Had the ALJ found [Plaintiff]'s claim was res judicata through a particular date, the decision could be

said to at least contain analysis about Defendant's position as to the effect of [Plaintiff]'s limitations, virtually all of which resulted from chronic impairments." (Pl. Br. 11 (citing Morris v. Colvin, No. CIV.A. 12-2057-JWL, 2013 WL 1729007, at *8 (D. Kan. Apr. 22, 2013) ("The findings of the ALJ when considered chronologically through time were very confusing to the court. The ALJ found that Plaintiff's prior applications were denied on January 19, 2005 and could not be reopened, yet he did not state that administrative res judicata applied to the period before that date.")).

The Commissioner argues ALJ Twilley's decision relates to a period which is not at issue here and is, therefore, irrelevant to this period. (Comm'r Br. 8). She points out that a prior administrative medical finding is a term defined in the regulations and does not include an ALJ's decision. Id. (citing 20 C.F.R. § 404.1513(a)(5)). She argues ALJ Twilley's decision on "the prior claim was not subject to res judicata" because

> the prior decision was not made about either the same facts or the same issues: it involved a prior claim dating from claimant's alleged onset date of October 22, 2014 through the date of the ALJ's decision, February 16, 2018. That decision has no bearing on this claim, with an alleged onset date of May 25, 2018 and a decision date of July 1, 2020. More specifically, the RFC that Plaintiff wants the ALJ to have considered in this case involved a period from 2015 to 2016. But that period is irrelevant to the issues in this case. In short, the prior decision was not subject to the res judicata doctrine under agency regulations, so there was no need for the ALJ to have considered the doctrine—or the decision—in this case.

Id. at 9 (citations omitted).

She argues that Plaintiff's appeal to Acquiescence Ruling (AR) 98-4(6), Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997), to require consideration of ALJ Twilley's decision is erroneous because that "AR states that it only

6

applies to disability findings in cases involving claimants who reside in Kentucky, Michigan, Ohio, or Tennessee at the time of the determination or decision on the subsequent claim." (Comm'r Br. 9) (citing AR 98-4(6); see also, 1998 WL 283902 at *3 (SSA June 1, 1998)).

The court agrees with the Commissioner that there was no requirement for ALJ Stueve to consider ALJ Twilley's decision or the evidence upon which it was based in his decision of this case. While it is true ALJ Twilley's decision is included in the record in this case, it concerns another time period entirely separate from the period at issue here. It was decided based upon facts contained in a record entirely separate from the record in this case. Moreover, while ALJ Twilley determined Plaintiff was disabled for a closed period, she also determined that Plaintiff's condition improved on September 17, 2016 and she was not disabled and was able to perform a range of sedentary work through the date of that decision, February 16, 2018. ALJ Twilley's decision is res judicata as to the period covered in that decision, Plaintiff did not seek review of that decision in accordance with the applicable law and regulations, she did not ask ALJ Stueve to reopen that decision to determine an onset of disability before February 16, 2018, and this court is without jurisdiction to reopen that decision.

To presume that the record in ALJ Twilley's case would support a determination that Plaintiff's condition subsequently worsened and she once again became disabled on May 25, 2018 is just as speculative as to presume that the record in that case would support a determination that Plaintiff's condition further improved and by May 25, 2018 she became able to perform a range of light work. The evidence necessary to make that

7

determination is the evidence between February 17 and May 28, 2018. That is the evidence in this case record, and the evidence upon which ALJ Stueve based his decision.

As the record demonstrates, Dr. Klyop made his RFC assessment while Plaintiff was living in Eaton, Ohio (R. 90) and adopted ALJ Twilley's RFC limitations in compliance with "Drummond AR 98-4." Id. at 99. Plaintiff asserts that the records cited by Dr. Klyop were in the prior case record, thereby requiring that record to be included here. While the court has no way to determine whether the records cited by Dr. Klyop were contained in the case record in ALJ Twilley's case, each record cited is in the record of this case, demonstrating this record need not be supplemented in that regard. (R. 99) (citing R. 381-82 (Indiana HIT (REID HEALH), Ex. B3F); R. 456-653 (UNIVERSITY POINTE PAIN MGMT), Ex. B4F)).

In his decision, ALJ Stueve did not rely on ALJ Twilley's decision or on any of the evidence in that case record. In fact, he never even mentioned it. The closest he came was when explaining why he found Dr. Klyop's opinion unpersuasive he noted one of the reasons was the ARs relied upon by Dr. Klyop are no longer applicable because Plaintiff now resides in Kansas. (R. 32). As the Commissioner pointed out in her brief, ARs 98-3 and 98-4, based upon the Sixth Circuit opinions of Dennard and Drummond respectively, are not applicable outside the Sixth Circuit.

Plaintiff's suggestion that ALJ Twilley's decision (or the opinions or prior administrative medical findings contained in her case record) must be considered as prior administrative medical findings in this case is precluded by the definition of a prior administrative medical finding. "A prior administrative medical finding is a finding,

8

other than the ultimate determination about whether you are disabled, about a medical

issue made by our Federal and State agency medical and psychological consultants at a

prior level of review (see § 404.900) in your current claim based on their review of the

evidence in your case record." ALJ Twilley's decision is an ultimate decision about

disability, she is not an SSA or state agency medical or psychological consultant, her

decision was not made on the current claim here and was not based upon a review of the

case record in this case. It meets no criterion for a prior administrative medical finding in

this case.

The cases cited by Plaintiff to support her argument are readily distinguished. As

Plaintiff's quotation from Hamlin itself recognizes, the medical records from the earlier

adjudicated period in that case were "part of Mr. Hamlin's case record and should have

been considered by the ALJ." Hamlin, 365 F.3d at 1223 n.15. Here, the evidence at

issue is not a part of the case record, was not submitted by counsel to the ALJ, does not

apply to the period at issue, and need not have been considered. Frost is to a similar

effect. There the insured period was only one day and the evidence at issue was in the

case record. Here, the insured period exceeds three years, there are 1200 pages of

medical records in the case record relating to that period, the evidence at issue is not a

part of the case record, was not submitted by counsel to the ALJ, does not apply to the

period at issue, and need not have been considered. This court's decision in Morris

provides no more support to Plaintiff's argument. In Morris, the claimant filed for SSD

and SSI benefits in 2006 and 2007 alleging disability beginning April 18, 2003 although

there had been a prior determination she was not disabled on January 19, 2005. 2013 WL

1729007, * 1.  The ALJ found no basis to reopen the January 19, 2005 decision and found the claimant was not disabled from the date of her application through the date of the ALJ's decision.  Id.  The evidence before January 19, 2005 was contained in the case record before the ALJ and was considered by him in making his decision.  Id. 1729007 at *8.  And, as Plaintiff notes the court stated, "The findings of the ALJ when considered chronologically through time were very confusing to the court."  Id.  Here, Plaintiff's alleged onset date of disability was not during the period previously adjudicated by ALJ Twilley, the evidence at issue is not a part of this case record, was not submitted by counsel to the ALJ, and does not apply to the period covered in this case, and the court is not confused by the findings of the ALJ when considered chronologically through time.  Plaintiff has not shown that the evidence from the previously adjudicated period must be included within the record here or that the previous decision must be considered here.

III.    **Whether the ALJ Failed Adequately to Develop the Record of Plaintiff's Medical History**

        Plaintiff argues the SSA must "develop the claimant's complete medical history for at least the 12 months preceding the month in which the application was filed" (Pl. Br. 6) (citing 20 C.F.R. § 416.912(b)(1))[3] and the ALJ erred, therefore, in failing to secure all Plaintiff's medical records, including those records from the previously adjudicated period dating back through May 26, 2017.  Id. at 7.

_____

[3] The court notes that the regulation cited by Plaintiff applies only to applications for SSI pursuant to Title XVI of the Act whereas Plaintiff applied only for DIB pursuant to Title II of the Act.  Nevertheless, 20 C.F.R. § 404.1512(b)(1) is the corresponding regulation applicable to DIB under Title II and is identical to the regulation cited.  All further citations in this decision will be to the applicable regulations.

Plaintiff also argues the ALJ erred by failing to order another psychological consultative evaluation.  She acknowledges Dr. Rosenthal provided a psychological consultative examination of Plaintiff at the request of the agency but argues the ALJ did not find Dr. Rosenthal expressed an opinion and for that reason should have ordered another evaluation as requested by her attorney before the ALJ.  (Pl. Br. 9).  In support, she also points to a reference in a treatment note dated February 17, 2020, to a mental health therapist and an alleged report of suicidal ideation and implies the ALJ should have secured the therapist's treatment notes.  Id. at 9, 15 (citing R. 1359).  She concludes her argument, "Without the benefit of a record with both prior and updated treatment notes, it is not reasonable to conclude [Plaintiff]'s functionality improved from the sedentary exertional level to the light level.  For these reasons, remand for further development of the record is warranted."  Id. at 10.

The Commissioner argues the record in this case was adequately developed and at the ALJ's hearing Plaintiff's counsel stated the record was complete and did not submit the records counsel now suggests were necessary or request ALJ Stueve's assistance in obtaining the records. (Comm'r Br. 12-13).  The Commissioner also argues, as the ALJ found, the record evidence was sufficient to make a decision without ordering further examinations.  Id. at 13; see also, R. 23.

The court finds no error in the ALJ's development of the record.  Plaintiff recognizes 20 C.F.R. § 404.1512(b)(1) controls the development of the record but she quotes only part of the sentence controlling the issue.  That sentence says,

11

> Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary <u>or unless you say that your disability began less than 12 months before you filed your application</u>.

20 C.F.R. § 404.1512(b)(1) (2020) (underline added for emphasis).  As Plaintiff acknowledges, in her application she alleged disability beginning May 25, 2018.  (R. 240).  Plaintiff filed her application in December 2018, <u>id.</u>, and thereby alleged disability beginning less than 12 months before she filed her application.  Thus, the ALJ properly sought medical records beginning May 25, 2018.

Plaintiff has shown no error in the ALJ's denial of further consultative examinations.  He denied those requests "because there is sufficient medical evidence regarding the claimant's impairments in the record to decide the issue of disability."  (R. 23).  Plaintiff has not shown, and the court does not find, that the 1,577-page record in this case, including more that 1,200 pages of medical records, is insufficient to decide the issue of disability.  To the extent Plaintiff may be arguing that a medical opinion regarding her mental limitations is necessary to the determination of disability, Dr. Locke opined that Plaintiff's mental impairments are not severe within the meaning of the Act.  (R. 126-28).  Moreover, a medical opinion is not required regarding each limitation a claimant alleges.  Although an ALJ is not an acceptable medical source qualified to render a medical opinion, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."  <u>Howard v. Barnhart</u>, 379 F.3d 945, 949 (10th Cir. 2004).  "And the ALJ's RFC assessment is an administrative, rather than a medical determination."  <u>McDonald v. Astrue</u>, 492 F. App'x 875, 885 (10th Cir. 2012) (citing

Social Security Ruling (SSR) 96-05p, 1996 WL 374183, at *5 (July 1996)).  Because

RFC assessment is made based on "all of the evidence in the record, not only the medical

evidence, [it is] well within the province of the ALJ."  Dixon v. Apfel, No. 98-5167, 1999

WL 651389, at **2 (10th Cir. Aug. 26, 1999); 20 C.F.R. § 404.1545(a).  Moreover, the

final responsibility for determining RFC rests with the Commissioner.  20 C.F.R. §§

404.1527(e)(2), 404.1546.

        "[T]here is no requirement in the regulations for a direct correspondence between

an RFC finding and a specific medical opinion."  Chapo v. Astrue, 682 F.3d 1285, 1288

(10th Cir. 2012) (citing Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004)); Wall,

561 F.3d at 1068-69.  The narrative discussion required by SSR 96-8p to be provided in

an RFC assessment does not require citation to a medical opinion, or even to medical

evidence in the administrative record for each RFC limitation assessed.  Castillo v.

Astrue, No. 10-1052, 2011 WL 13627, *11 (D. Kan. Jan. 4, 2011).  "What is required is

that the discussion describe how the evidence supports the RFC conclusions and cite

specific medical facts and nonmedical evidence supporting the RFC assessment."  Id.

See also, Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, *13 (D. Kan. Apr.

4, 2011).  There is no need in this case, or in any other, for the Commissioner to base the

limitations in his RFC assessment upon specific statements in medical evidence or

opinions in the record.

**IV.    Failure to Assess Mental Limitations in Plaintiff's RFC.**

        To the extent Plaintiff may be arguing that the ALJ should have secured a medical

opinion regarding mental impairments and included those limitations in the RFC

assessed, that is covered in the discussion above and will not be repeated here. However, Plaintiff also argues that even the modest erosion in mental abilities imposed by mild limitations in each of the four basic mental functional areas (the "paragraph B" criteria) "would eliminate her past relevant work as a charge nurse," and was not adequately considered by the ALJ in this case. (Pl. Br. 18).

To the extent the ALJ found Plaintiff's mental impairments cause no "more than a minimal limitation in the claimant's ability to do <u>basic</u> [mental] work activities" (R. 27) (emphasis added), and she is nonetheless able to perform past relevant <u>skilled</u> work as a charge nurse, the court believes that Plaintiff may have a valid point. <u>See</u>, <u>e.g.</u>, <u>Evalyne Kathleen H. v. Kijakazi</u>, Civ. A. No. 21-1020-JWL, 2022 WL 539104, at *5-7 (D. Kan. Feb. 23, 2022). Nevertheless, the ALJ found, alternatively, that Plaintiff can perform other unskilled, light work available in the economy. Plaintiff has shown no error in this finding.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated March 23, 2022, at Kansas City, Kansas.


<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**


14